NIAGARA, LOCKPORT AND ONTARIO POWER COMPANY, Appellant, *v.* FRANCIS B. MITCHELL, Respondent.

Fourth Department, November 29, 1922.

Gas and electricity — action to restrain defendant from permitting cattle to graze on right of way of electric power line — deed of land constituting right of way provided that grantee would not build fence unless requested by grantor — right of way divided defendant's pasture — injunction denied.

The plaintiff was not entitled to an injunction restraining the defendant from suffering and permitting his live stock to graze upon plaintiff's right of way, where the right of way, which was used by the plaintiff for its electric power line, was granted to the plaintiff by the defendant by a deed which provided that the plaintiff would not fence the right of way between certain points unless

32

requested to do so by the defendant, and where it appears that prior to the granting of the right of way the entire field through which it ran was used by the defendant as a pasture.

APPEAL by the plaintiff, Niagara, Lockport and Ontario Power Company, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of Monroe on or about the 26th day of December, 1918, upon the decision of the court rendered after a trial at the Monroe Special Term, as dismisses the second cause of action stated in the complaint.

*Strebel, Corey, Tubbs & Beals* [*Warren Tubbs* of counsel], for the appellant.

*James M. E. O'Grady,* for the respondent.

KRUSE, P. J.:

The action is for injunctive relief requiring the defendant to remove from the plaintiff's right of way a pipe line which the defendant laid and constructed over the same and also to restrain the defendant from suffering and permitting his live stock to graze upon said right of way. The trial court granted injunctive relief as to the pipe line and refused it as to the live stock.

On the 7th day of May, 1906, the defendant conveyed to the plaintiff, among other lands, this right of way, 100 feet in width. The right of way divides the defendant's pasture. Up to the time of the conveyance it, in connection with the adjoining lands, was used as a pasture for grazing and ever since such conveyance the adjoining lands on both sides of said right of way have been so used. The deed of conveyance of such right of way by defendant to plaintiff provides that the grantee will not fence such right of way between certain points therein named, unless so requested by the grantor. No such request has ever been made and the defendant's live stock have continued to go upon the right of way as theretofore.

Under the provisions of the Town Law (Consol. Laws, chap. 62 [Laws of 1909, chap. 63], §§ 360, 361, as amd. by Laws of 1911, chap. 86) each of the parties to this action was required to maintain a just and equitable portion of the division fence between their lands unless they otherwise agreed, but both could agree to let their lands lie open along the division line to the use of all animals which might be lawfully upon the lands of either and neither would be liable to the other for damages done by such animals going upon such lands of the other, and the statute so provided in substance at the time the conveyance was made except that either adjoining owner could so choose to let his land lie open. (Town Law [Gen. Laws, chap. 20; Laws of 1890, chap. 569], § 100, as amd. by Laws of 1892, chap. 92; Id. § 101.),

We are of opinion that no trespass was committed by defendant's live stock going upon the plaintiff's unfenced right of way and that injunctive relief was properly denied. The judgment so far as appealed from should, therefore, be affirmed, with costs.

All concur.

Judgment so far as appealed from affirmed, with costs.